ASA S. LAWTON, administrator, *vs.* FITCHBURG SAVINGS
BANK & others.

Worcester.    October 5, 1893. — November 28, 1893.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Devise and Legacy — Realty and Personalty.*

A testator, by the first clause of his will, directed his executor to pay debts, and
" the legacies hereinafter given, out of my estate," and by the second clause he
gave his real estate and certain personal property to his wife for life.  By the
third clause he provided as follows : " All the rest of my personal property, con-
sisting of stocks, bonds, mortgages, cash in hand, and evidences of debt, I give
and bequeath to my said executor on the following trusts, viz." to his wife
for life, " and after her decease, first to pay over to my daughter D. . . . the in-
terest and income of two thousand dollars. . . . After the decease of my said
daughter, the principal sum of two thousand dollars to be paid, . . . but if
she shall leave no children or grandchildren at her decease, one thousand dol-
lars of said principal sum to be paid to my daughter R. . . . Second, to pay
over to my daughter R. the sum of twenty-five hundred dollars " ; and authority
was given to advance $500 to her in case of marriage, " to that extent diminish-
ing the annual income to be paid to my said wife."  By the fourth clause, be-
ginning " After satisfying the above provisions," he disposed of the residue, real
as well as personal.  *Held,* that the gifts to the testator's daughters in the third
clause of the will were to be charged upon the personal estate only.

APPEAL, by the administrator *de bonis non* with the will an-
nexed of the estate of Nathaniel S. Boutelle, from a decree of
the Probate Court construing the will.   The case was heard by
*Knowlton,* J., and reported for the consideration of the full court.
The material facts appear in the opinion.

*W. S. B. Hopkins & C. E. Ware,* (*F. B. Smith* with them,)
for the respondent bank, a mortgagee.

*C. F. Baker & H. Parker,* for the legatees.

HOLMES, J.   The question is whether the gifts to the testa-
tor's daughter in the third clause of the will entitle them to come
against the real estate, the personal estate being insufficient.
The third clause, so far as material, reads, " All the rest of my
personal property, consisting of stocks, bonds, mortgages, cash
in hand, and evidences of debt, I give and bequeath to my
said executor on the following trusts, viz." to his wife for life,
" and after her decease, first to pay over to my daughter Dorcas

. . . the interest and income of two thousand dollars. . . . After the decease of my said daughter, the principal sum of two thousand dollars to be paid, . . . but if she shall leave no children or grandchildren at her decease, one thousand dollars of said principal sum to be paid to my daughter Rebecca. . . . Second, to pay over to my daughter, Rebecca E. Boutelle, the sum of twenty-five hundred dollars." Authority is given to advance five hundred dollars to her in case of marriage, " to that extent diminishing the annual income to be paid to my said wife."

The foregoing clause in terms deals with the residue of the testator's personal property alone, and shows that it does so advisedly by enumerating what the property consists of. The gifts to the testator's daughters are among the trusts declared concerning this property. They are made only by way of trust. They are not demonstrative legacies. No intention is shown that the daughters should have the amounts given them except as *cestuis que trust* of this fund. Therefore they can have no claim upon any other property, unless the gifts to them are enlarged by other parts of the will.

The fourth clause disposes of the residue, real as well as personal, and begins, " After satisfying the above provisions." But these words are given full force without taking them to subject the real estate by implication to the trusts of the personalty. They refer to the fact that the real estate does not pass until the death of the wife, to whom it is given for life by the second clause,* and they show how the residue of the personalty is to be arrived at. The first clause directs the executor to pay debts, and " the legacies hereinafter given, out of my estate." But this does not override in advance the specific directions afterwards given. It rather adopts them. The legacies " hereinafter given " are to be paid out of the estate in the mode hereinafter expressed. The construction long accepted by the family and declared by the Probate Court is correct.

*Decree affirmed.*

---

* This clause also gave her certain personal property for life.